## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 06-CR-0044-001-TCK |
| v. ) | |
| ) | USM Number: 09934-062 |
| **DEANDRE LARON VERNER,** ) | |
| aka D'Andre Laron Verner, ) | |
| ) | |
| **Defendant.** ) | |

### OPINION AND ORDER
### <u>REDUCING SENTENCE</u>

Before the Court is Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 48), and Government's response offering no objection to a reduction of sentence, provided said reduction is not less than the guideline range as determined by Amendment 706 (Doc. 50).

At the original sentencing in September 2006, the Court imposed a term of 67 months as to each of Counts One and Three, said counts to run concurrent, each with the other, and concurrently with Tulsa County case CF-05-3446; and 60 months as to Count Two, said term to run consecutive to any other sentence, including the terms imposed in Counts One and Three. The Court thus imposed a total sentence of 127 months based on application of USSG §2D1.1, which resulted in a total offense level of 23 and a sentencing range of 70 to 87 months for Counts One and Three. In imposing sentence, the Court determined that an 80-month imprisonment term was appropriate for Counts One and Three, with thirteen months credit for time served in state custody pursuant to USSG §5G1.3(b), because the state conduct formed the basis for the federal charges. <u>See</u> PSR, ¶¶ 58 and 59. Count Two required a statutory mandatory consecutive sentence of five years. The Court also imposed terms of supervised release that included imposition of special sex offender conditions. Defendant appealed,

and the Tenth Circuit reversed the imposition of sex offender conditions and remanded for resentencing. In October 2007, the Court resentenced Defendant to the same 127-month term, without special sex offender conditions (*see* Doc. 45). Defendant moves for reduction of sentence pursuant to Amendment 706 and, although conceding a downward variance is legally unavailable, requests that the Court grant a downward variance to preserve the issue for the future.

Retroactive Amendment 706, which revises §2D1.1, reduces the base offense level two levels for a total offense level of 21, resulting in an amended guideline range of 57 to 71 months as to Counts One and Three. Because Amendment 706 results in a reduced guideline range, Defendant is eligible for sentence modification pursuant to § 3582(c). After review of the facts of this case, consideration of Defendant's good conduct while imprisoned, the effect of Amendment 706 and all § 3553(a) factors, and the agreement of the parties that Defendant's sentence should be reduced, the Court finds that good cause exists for reduction of Defendant's sentence. Accordingly, Defendant's request for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 48) is granted. The Court finds that a 62-month sentence is appropriate as to Counts One and Three, with thirteen months credit for time served in state custody for conduct forming the basis for these offenses.[1] See USSG

---

[1] Count One requires a mandatory minimum sentence of sixty months. The sentence imposed for Count One is sixty-two months. Adjustment of this term pursuant to §5G1.3(b) for time served does not result in a sentence below the mandatory minimum term or a departure from the guidelines. Instead, this offset employs the principles of 18 U.S.C. § 3585(b) and exercises this Court's concurrent sentencing authority under 18 U.S.C. § 3584(a) to reach an appropriate total sentence based on the facts of this case. This Court adjusted the terms to approximate the sentences that would have been imposed had the instant sentences and state sentence been imposed at the same time, in essence moving back the commencement date of the 62-month terms in addition to ordering the terms to run concurrent with the state sentence. See United States v. Kiefer, 20 F.3d 874 (8th Cir. 1994) (holding that Attorney General's statutory authority to award credit for prior custody does not limit a sentencing court's power to apply the provisions of §5G1.3(b), and that credit for time served in custody prior to commencement of the mandatory minimum sentence constitutes "imprisonment" for purposes of fulfilling a mandatory minimum penalty).

§§5G1.3(b)(1) and 1B1.10(b)(2)(B), comment. (n. 3).

As to Defendant's request for a downward variance, this Court is without authority to consider such a motion. Proceedings under § 3582(c) are not *de novo* resentencings, and the district court is only empowered to resentence based upon application of the amended guideline, leaving other sentencing factors unaffected. See United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008), cert. denied, 129 S.Ct. 2052 (U.S. Apr. 27, 2009).

Accordingly, Defendant's request for sentence reduction is GRANTED IN PART and DENIED IN PART. Defendant's request for a § 3582(c) sentence reduction is GRANTED. Defendant's request for a downward variance is DENIED.

**IT IS THEREFORE ORDERED** that the terms of imprisonment imposed in Counts One and Three are reduced to 62 months, with 13 months credit for time served, resulting in a 49-month sentence as to each count, said counts to run concurrent, each with the other, and concurrently with Tulsa County case CF-05-3446. The sentence imposed in Count Two shall remain 60 months to run consecutive to any other sentence, including the reduced terms imposed in Counts One and Three. Thus, the Court reduces the total sentence to a term of 109 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the amended judgment (Doc. 45) are unchanged and shall remain the same as originally entered.

**DATED** this 9th day of July, 2009.

*Terence C Kern*
TERENCE C KERN
United States District Judge